ORAL ARGUMENT NOT YET SCHEDULED

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 23-1044**

---

**JOHN DOE,**

Petitioner,

v.

**THE SECURITIES AND**

**EXCHANGE COMMISSION,**

Respondent.

---

**REVIEW OF THE SECURITY AND EXCHANGE**
**COMMISSION'S FINAL WHISTLEBLOWER DENIAL**

---

**BRIEF FOR PETITIONER**

WASHINGTON GLOBAL LAW GROUP
By: Max Maccoby
1701 Pennsylvania Avenue, N.W., Suite 200
Washington, D.C. 20006
(202) 248-5439
maccoby@washglobal-law.com

Dated: June 12, 2023

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Counsel for Petitioner ███████████ certifies:

### 1.    Parties and Amici

Petitioner ███████████ ("Claimant") is the only party who, to his knowledge, is seeking this Court's review of the final whistleblower denial decision of the Security and Exchange Commission ("Commission"). The Respondent is the Commission. There are no intervenors or amici.

### 2.    Rulings Under Review

The decision at issue before the Court is the final order of the Commission entered on ███████████ in whistleblower award proceeding file no. ████████ ████████████████████████████████████████ ███████████, which denied Claimant's whistleblower application.

### 3.    Related cases

There are no related cases on appeal.

# TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES ... i

TABLE OF AUTHORITIES ... iv

GLOSSARY OF ABBREVIATIONS ... vi

STATEMENT OF JURISDICTION ... vii

STATEMENT OF STANDING ... vii

PERTINENT STATUTES AND REGULATIONS ... vii

STATEMENT OF ISSUE PRESENTED FOR REVIEW ... vii

STATEMENT OF THE CASE ... 1

  I.    INTRODUCTION ... 1

  II.   PROCEEDINGS BELOW ... 3

  III.  STATEMENT OF FACTS ... 4

     A.  ███████████ ... 4

     B.  ███████████████████ ... 5

     C.  Claimant blows the whistle ... 7

     D.  The investigation and prosecution ... 9

     E.  The Commission denies Claimant's whistleblower claim ... 12

SUMMARY OF THE ARGUMENT ... 14

STANDARD OF REVIEW ... 14

ARGUMENT ..... 15

I.   THE COMMISSION ABUSED ITS DISCRETION WHEN IT CONCLUDED THAT CLAIMANT HAD NOT PROVIDED "ORIGINAL INFORMATION" ..... 15

    A.   The Original Information Rule ..... 15

    B.   ██████████████████████████████ ..... 17

        1.   ████████████████████ ..... 17

        2.   ██████████████ ..... 22

        3.   ████████████████████ ..... 24

CONCLUSION ..... 27

CERTIFICATE OF COMPLIANCE ..... 28

CERTIFICATE OF SERVICE ..... 28

PERTINENT STATUTES, REGULATIONS, AND RULES ..... 29

# TABLE OF AUTHORITIES

## CASES

*Burnet v. Clark,*
    287 U.S. 410 (1932) ............................................................... 19

*Commonwealth v. Gibson,*
    940 A.2d 323 (Pa. 2005) ........................................................ 26

*Johnston v. SEC,*
    49 F.4th 569 (D.C. Cir. 2022) ........................................... 15, 20

*Motor Vehicle Manufacturers. Association v. State Farm Mutual*
    *Auto Insurance Co.*, 463 U.S. 29 (1983) ................................ 15

*Ross v. SEC,*
    34 F.4th 1114 (D.C. Cir. 2022) ............................................. 15

*State v. Schubert,*
    561 A.2d 1186 (N.J. Super. App. Div. 1989) ......................... 24

## STATUTES

5 U.S.C. § 702 ................................................................................ vii

5 U.S.C. § 706 ......................................................................... 14, 15

███████████ ......................................... vii, 12, 14, 15, 16

## REGULATIONS AND RULES

███████████ ......................................... vii, 12, 14, 16, 17

17 C.F.R. § 240.21F-13 ................................................................ vii



22, 23, 26

12, 13, 17, 18, 22, 25, 26

**OTHER AUTHORITIES**

Frank Easterbrook & Daniel Fischel, *The Economic Structure of Corporate Law* (Harvard Univ. Press 1991) .......... 19

25

25

\* Indicates authority principally relied upon

## GLOSSARY OF ABBREVIATIONS

The following abbreviations are used in this brief:[1]



Claimant ▮▮▮▮▮▮▮▮▮▮

Commission    Securities and Exchange Commission

---

[1] For clarity and consistency, and in accord with D.C. Circuit Rule 28(d), this brief uses the same party designations used in the agency proceeding (*i.e.*, "Claimant" and "Commission"). And if this brief uses an abbreviation for an individual or corporate entity, that abbreviation is also the same as those used in the agency proceeding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮

## STATEMENT OF JURISDICTION

Claimant appeals the Commission's final order pursuant to this Court's original jurisdiction under 15 U.S.C § 78u–6(f) and 17 C.F.R. § 240.21F-13.

## STATEMENT OF STANDING

Claimant has standing for this appeal under 15 U.S.C § 78u–6(f), 17 C.F.R. § 240.21F-13, and 5 U.S.C. § 702, as an aggrieved person because the Commission denied his whistleblower award application.

## PERTINENT STATUES AND REGULATIONS

15 U.S.C. § 78u-6(a)(3)

17 C.F.R. § 240.21F-4(b)(4)(ii)

## STATEMENT OF ISSUE PRESENTED FOR REVIEW

Did the Commission err when it denied Claimant's award application based on the Commission's conclusion that Claimant had not provided "original information" █████████████████████████████████████?

## **STATEMENT OF THE CASE**

### I.    INTRODUCTION

This whistleblower appeal arises from a ██████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████████████████
█████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████

Claimant submitted a whistleblower award application for recognition of his
services. The Commission, in a fatally flawed decision, denied Claimant's
application. The Commission based its decision on a wholly irrational conclusion
that Claimant should not have made his tip because ████████████████████
██████████████████████████████████

The Commission's decision was wholly irrational. In reality, ████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
█████████████████████████████████████

Among other things, 

For these reasons, and those that follow, the Commission's decision denying Claimant's award application was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law. Its reasoning was irrational, its proffered explanations wholly unsatisfactory. Claimant therefore respectfully requests that this Court reverse that decision.

-2-

## II.   PROCEEDINGS BELOW





. Claimant timely filed a whistleblower claim the next

month. ████████████████████ the Commission issued a preliminary

determination denying Claimant's application. ████████. The following month,

Claimant submitted a timely response contesting the Commission's preliminary

determination. ████████████████ the Commission issued a final

order denying Claimant's application. ████████████ Claimant

timely petitioned this Court to review that final order.

## III.  STATEMENT OF FACTS

-4-





████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

### C.    Claimant blows the whistle

Claimant was another innocent party harmed by ███████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████

█████████████████████████████████████████████

████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████████████



███████████████████████████ in Claimant's response to the Commission's

subsequent preliminary determination denying his whistleblower award

application, Claimant notes ████████████████████████████████

████████████████

████████████████████████████████████████
████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████

**D.     The investigation and prosecution**

Based on Claimant's tip, as noted, the Commission launched an

investigation ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████.

Thereafter, Claimant also provided substantial assistance to the Commission

in its investigation. He sat for voluntary interviews, both in person and by phone.

He sat for a deposition. And he provided more than a gigabyte of data to the
Commission. ████████████████████████████████████

████████████████

██████████████████████████████

█████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████

███████████████████████████████████

█████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

███████████████

██████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████

████████████████ the district court entered a consent judgment against

███████████ which included a permanent injunction, disgorgement, and a civil

penalty. ██████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████

████████████████ the district court entered the consent judgment against

██████████████████ agreed to pay damages of ████████████████

█████████████████████ the Commission voluntarily dismissed ████

████████████████████████████████████████████████

██████████████████████████

████████████████ the district court entered an order against ██████

████████████████████████ The order directed a total damages award of

approximately: ████████████████████████████████

████████████████████████████████

### E.    The Commission denies Claimant's whistleblower claim

As this was transpiring, the Commission issued a notice of covered action

inviting whistleblower award applications, which Claimant timely did. ████████

████████████████ Commission issued a preliminary determination denying

Claimant's claim. ████████

The Commission's preliminary determination erroneously concluded that

Claimant ████████████████████████████████████████████████

████████████████████████████ because, the Commission

reasoned, ████████████████████████████████████████

████████████████████████████████████████████

The Commission's decision, however, failed to substantively address, much

less correctly apply, ████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████

And in this instance, ████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████████████

████████████████

After Claimant received the Commission's preliminary determination, he
promptly requested reconsideration of that determination. In his request, Claimant
pointed out the Commission's error, observing that ████████████████████

██████████████████████████

███████████████████████████████████████████████
█████████████████████████████████████████
███████████████████████████████████████████
████████████████████████████████████████████████
███████████████████████████████

████████████████████Claimant's sworn declaration, which he attached to his
request for reconsideration, likewise adds, "████████████████████████████

██████████████████████████████████████████████████
█████████████████████████████████████████████
████████████████████████████████████████████  ██████████

In January 2023, the Commission issued a final order denying Claimant's
whistleblower award application. ███████████  In pertinent part, the Commission's

_____
▎█████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████

-13-

final order acknowledges ██████████████████████████████████
████████████████████████████████████████████████████

██████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████

JA097. But the Commission's final order erroneously concluded that "████████

█████████████████████████████████████████████████
██████████████████████████████████████████████████████
███████████████████████████████████████████
████████████████████████████████████████████████████

████████. For the following reasons, the Commission's conclusory reasoning here is

wholly irrational and its proffered explanation nonsensical.

## SUMMARY OF THE ARGUMENT

The Commission's conclusion ██████████████████████████
███████████████████████████████████████████████ was

arbitrary, capricious, an abuse of discretion, and not in accordance with the law.

## STANDARD OF REVIEW

This Court reviews the Commission's decision "in accordance with section

706 of [the Administrative Procedure Act]." 15 U.S.C. § 78u-6(f) (citing 5 U.S.C.

§ 706). Therefore, the Commission's decision must be reversed when it is

"arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with

the law." 5 U.S.C. § 706(2)(A); *see also Ross v. SEC*, 34 F.4th 1114, 1118 (D.C.

Cir. 2022). And for the Commission's decision to be upheld, the Commission

"must have examined the relevant data and articulated a satisfactory explanation

for its action including a rational connection between the facts found and the

choice made." *Johnston v. SEC*, 49 F.4th 569, 575 (D.C. Cir. 2022) (quoting *Motor

Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co*., 463 U.S. 29, 43 (1983))

(quotation marks and brackets omitted). Here, the Commission's decision fails to

meet this standard and must therefore be reversed.

**ARGUMENT**

**I.     The Commission Abused Its Discretion When It Concluded that
        Claimant Had Not Provided "Original Information"**

**A.     The Original Information Rule**

"Under the Dodd-Frank Wall Street Reform and Consumer Protection Act,"

this Court notes, "Congress created a whistleblower award program that provides

monetary incentives to individuals with knowledge of securities violations to assist

the government in identifying and prosecuting the violations." *Ross v. SEC*, 34

F.4th 1114, 1118 (D.C. Cir. 2022) (citation omitted). This Court explains, "the

Commission is authorized to give monetary awards to 'whistleblowers who

voluntarily provided *original information* to the Commission that led to the

-15-

successful enforcement of the covered judicial or administrative action.'" *Id.*
(quoting 15 U.S.C. § 78u-6(a)(1)) (emphasis added).

The Act defines "original information" as information that (1) "is derived
from the independent knowledge or analysis of a whistleblower"; (2) "is not
known to the Commission from any other source, unless the whistleblower is the
original source of the information"; and (3) "is not exclusively derived from an
allegation made in a judicial or administrative hearing, in a governmental report,
hearing, audit, or investigation, or from the news media, unless the whistleblower
is a source of the information." 15 U.S.C. § 78u-6(a)(3)(A). Here, ▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮







. This

conclusion is contrary to blackletter law and basic logic. *See, e.g.*, *Burnet v. Clark*,

287 U.S. 410, 415 (1932) ("A corporation and its stockholders are generally to be

treated as separate entities."); *see generally* Frank Easterbrook & Daniel Fischel,

*The Economic Structure of Corporate Law*, *passim* (Harvard Univ. Press 1991)

(discussing corporate separateness).

-19-



The Commission's contrary conclusion is irrational and its proffered

"explanations"—if they can even fairly be called that—are wholly unsatisfactory.

*See* Johnson, 49 F.4th at 575 (noting that the Commission must articulate "a

satisfactory explanation for its decision"). The Commission's first proffered

explanation, as noted, is that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮ For reasons discussed above, this is plainly wrong.

The Commission's second proffered explanation is even more

unsatisfactory. The Commission asserts, as noted, that ▮▮▮▮▮▮▮▮▮

Put more simply, the Commission asserts that a ███████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

████████████████████████ As a proffered

explanation for denying Petitioner's whistleblower application, moreover, it is

likewise wholly irrational. Self-evidently, Petitioner's whistleblower tip was in the

public interest—it put a stop to a multi-million-dollar fraud and resulted in the

recovery of tens of millions of dollars by the federal government. ███████████

███████████████████████████████

███████████████████████████████

█████

2. 

, neither of which the Commission's final

order considered when it erroneously rejected



Just so here. For the reasons discussed above,

In sum, Claimant's whistleblower submission was

And the Commission's contrary conclusion was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law. This Court should therefore reverse that decision.

-23-

**3.** ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌
▌▌▌▌▌▌▌▌▌▌

Finally, ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

▌▌▌▌▌ persuasive authority from other jurisdictions further reinforces that

Claimant's disclosure was not only permissible— but it was the right thing to do.



Thus, the fundamental policy considerations weigh even more strongly in

Claimant's favor. As Claimant explained in his whistleblower submission, ███

██████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████

  ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████ For reasons discussed above, just so here.

That hindsight has since revealed ████████████████████
████████████████████████████████████
████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████████████████████████████
██████████████████████████████████████
████████

Again, just so here. ███████████████████████████
████████████████████████████████████
████████████████████ And the Commission's contrary conclusion was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law. This Court should therefore reverse that decision.

## CONCLUSION

For the foregoing reasons, Claimant respectfully requests that this Court reverse the Commission's final order denying Petitioner's whistleblower award application and remand the case to the Commission for determination of the proper amount of the award.

Respectfully submitted,

*/s/ Max F. Maccoby*
Max F. Maccoby
WASHINGTON GLOBAL LAW GROUP
1701 Pennsylvania Avenue, N.W., Suite 200
Washington, D.C. 20006
Tel. (202) 248-5439
maccoby@washglobal-law.com

Dated: June 12, 2023     *Counsel for Petitioner* ▌

## **CERTIFICATE OF COMPLIANCE**

In accord with Federal Rules of Appellate Procedure 28(a)(10) 32(g), I

certify that:

1.  This document complies with the type-volume limit of Federal Rule
    of Appellate Procedure 32(a)(7)(B)(i) because, excluding the parts
    exempted by Fed. R. App. P. 32(f), it contains 5,909 words, including
    footnotes; and

2.  This document complies with the typeface and type-style
    requirements of Federal Rules of Appellate Procedure 21(d) and 32(c)
    because it has been prepared in a proportionally spaced typeface using
    Microsoft Word 365 in 14-point Times New Roman.

*/s/ Max Maccoby*

Dated: June 12, 2023

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of June, a copy of the

foregoing was served by electronic mail to:

William K. Shirey
U.S. Securities and Exchange Commission
100 F. St., N.E.
Washington, D.C. 20549

*/s/ Max Maccoby*

-28-

## PERTINENT STATUTES, REGULATIONS, AND RULES

**15 U.S.C. § 78u-6(a)(3)**

The term "original information" means information that:

(A)   is derived from the independent knowledge or analysis of a whistleblower;

(B)   is not known to the Commission from any other source, unless the whistleblower is the original source of the information; and

(C)   is not exclusively derived from an allegation made in a judicial or administrative hearing, in a governmental report, hearing, audit, or investigation, or from the news media, unless the whistleblower is a source of the information.

